**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-9, ASSET-BACKED CERTIFICATES, SERIES 2006-9,<br><br>         Plaintiff,<br>  vs.<br><br>DIAMOND CREEK HOMEOWNERS' ASSOCIATION; UNDERWOOD PARTNERS, LLC; NV EAGLES, LLC; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>         Defendants | Case No.: 2:15-cv-01177-GMN-VCF<br><br>**ORDER** |
| NV EAGLES, LLC,<br><br>         Counterclaimant,<br>  vs.<br><br>U.S. BANK AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-9, ASSET-BACKED CERTIFICATES, SERIES 2006-9,<br><br>         Counterdefendant | |
| NV EAGLES, LLC,<br><br>         Third-Party Plaintiff,<br>  vs.<br><br>GARRETT C. PATTIANI,<br><br>         Third-Party Defendant. | |

Pending before the Court is the Motion for Summary Judgment (ECF No. 48) filed by Defendant NV Eagles, LLC ("NV Eagles"), the Motion to Dismiss (ECF No. 55) filed by Defendant Diamond Creek Homeowners' Association (the "HOA"), and the Motion for Summary Judgment (ECF No. 59) filed by Plaintiff U.S. Bank as Trustee for GSAA Home Equity Trust 2006-9, Asset-Backed Certificates, Series 2006-9 ("U.S. Bank").  Each of the pending motions has been fully briefed.  However, because the Court finds that an unsettled question of state law is at least partially dispositive in this case, the Court certifies the following question to the Nevada Supreme Court:

> Does the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures which occurred prior to the date of that decision?

## I.     BACKGROUND

This case arises out of a homeowners' association foreclosure sale.  On February 21, 2006, Garrett C. Pattiani ("Pattiani") purchased real property located at 9426 Cormorant Lake Way, Las Vegas, Nevada 89178-8231 (the "Property"), giving lender Nationstar Mortgage LLC ("Nationstar") a promissory note for $284,360 (the "Note"), secured by a deed of trust (the "DOT") against the Property. (Compl. ¶¶ 9, 14, ECF No. 1).  On October 24, 2014, Nationstar assigned the DOT to Plaintiff U.S. Bank via a corporate assignment of deed of trust. (*Id.* ¶ 15).  After recording a Notice of Delinquent Assessment Lien (the "NDAL"), a Notice of Default and Election to Sell ("the "NOD"), and a Notice of Foreclosure Sale (the "NOS"), the HOA, through its agent Alessi & Koenig, LLC ("Alessi & Koenig"), sold the Property at auction to Defendant Underwood Partners, LLC ("Underwood") for $11,000 on April 24, 2013. (*Id.* ¶¶ 21–26, 33–34).  U.S. Bank further alleges that none of the pre-sale notices identified the super-priority amount and failed to describe the "deficiency in payment" required by Chapter

116 of the Nevada Revised Statutes. (*Id.* ¶¶ 21–32).  U.S. Bank also alleges that Underwood transferred the Property to NV Eagles on September 18, 2013. (*Id.* ¶ 35).

U.S. Bank sued the HOA, Underwood, and NV Eagles in this Court to, *inter alia*, quiet title to the Property, i.e., for a declaration that the DOT still encumbers the Property because the HOA sale was not in accordance with Chapter 116, did not provide an opportunity to cure the default, was commercially unreasonable, and did not comport with due process. (*Id.* ¶¶ 36–48).  Underwood and NV Eagles answered and NV Eagles filed a counterclaim against U.S. Bank to quiet title to the Property, i.e., for a declaration that NV Eagles is the title owner of the Property, that its deed is valid and enforceable, that the HOA sale extinguished U.S. Bank's DOT, and that NV Eagles' title is superior to any adverse interest in the Property. (Answer, ECF No. 18).  NV Eagles also filed a Third-Party Complaint against Pattiani for the same declarations. (*Id.*).  Pattiani does not appear to have been served with any pleading.

## II.   LEGAL STANDARD

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion." Nev. R. App. P. 5(a)–(b).  Under Rule 5, the Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and . . . it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a).

Rule 5 also provides that a certification order must specifically address each of six requirements:

> (1) The questions of law to be answered;
> (2) A statement of all facts relevant to the questions certified;
> (3) The nature of the controversy in which the questions arose;
> (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
> (5) The names and addresses of counsel for the appellant and respondent; and

>(6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

## III. DISCUSSION

In this case, the Court is sitting in diversity jurisdiction; thus Nevada substantive law controls. Because the relevant facts are set forth above, the Court addresses the remaining five requirements below.

First, whether the rule announced in *SFR Invs. Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision is a question of state law.

Second, the retroactivity of *SFR* is at least partially dispositive to the present case. If that rule is not retroactive, because the HOA sale in this case occurred prior to the issuance of the *SFR* decision, U.S. Bank would be entitled to a declaration that the DOT still encumbers the Property, and NV Eagles could not prevail on its counterclaim for a declaration that the HOA sale extinguished the DOT.

Third, there is no controlling precedent as to the retroactivity of *SFR*. One court in this district has discussed this issue, finding that *SFR* did not apply retroactively pursuant to the test outlined in *Breithaupt v. USAA Prop. & Cas. Ins. Co.*, 867 P.2d 402 (Nev. 1994). *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2015 WL 6962860, at *5 (D. Nev. Nov. 9, 2015). However, shortly after this ruling, the court decided to certify to the Nevada Supreme Court the same retroactivity question at issue in the instant order. *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2016 WL 923091 (D. Nev. Mar. 9, 2016).

Accordingly, under Rule 5, answering this certified question is within the power of the Nevada Supreme Court, and the Court finds that a determination of this question would promote judicial efficiency.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 48) filed by Defendant NV Eagles, LLC, the Motion to Dismiss (ECF No. 55) filed by Defendant Diamond Creek Homeowners' Association, and the Motion for Summary Judgment (ECF No. 59) filed by Plaintiff U.S. Bank as Trustee for GSAA Home Equity Trust 2006-9, Asset-Backed Certificates, Series 2006-9 are all **DENIED without prejudice** with permission to renew these motions within thirty (30) days of the resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that the following question of law is **CERTIFIED to the Nevada Supreme Court** pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Plaintiff U.S. Bank is designated as the Appellant, and Defendants Diamond Creek Homeowners' Association, NV Eagles, LLC, and Underwood Partners, LLC are designated as the Respondents. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Counsel for Plaintiff U.S. Bank**

Christine M. Parvan and Allison R. Schmidt
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144

**Counsel for Defendant Diamond Creek Homeowners' Association**

Joseph P Garin
Lipson Neilson Cole Seltzer & Garin, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144

**Counsel for Defendant NV Eagles, LLC and Underwood Partners, LLC**

John Henry Wright
The Wright Law Group, P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, NV 89102

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**DATED** this __30__ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge