# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

U.S. BANK AS TRUSTEE FOR GSAA
HOME EQUITY TRUST 2006-9, ASSET-
BACKED CERTIFICATES, SERIES 2006-9,

            Plaintiff,

     vs.

DIAMOND CREEK COMMUNITY
ASSOCIATION; UNDERWOOD
PARTNERS, LLC; NV EAGLES, LLC; DOE
INDIVIDUALS I-X, inclusive; and ROE
CORPORATIONS I-X, inclusive,


            Defendants

NV EAGLES, LLC,

            Counterclaimant,

     vs.

U.S. BANK AS TRUSTEE FOR GSAA
HOME EQUITY TRUST 2006-9, ASSET-
BACKED CERTIFICATES, SERIES 2006-9,

            Counterdefendant

NV EAGLES, LLC,

            Third-Party Plaintiff,

     vs.

GARRETT C. PATTIANI,

            Third-Party Defendant.

Case No.: 2:15-cv-01177-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 123), filed by Defendant NV Eagles, LLC ("NV Eagles").  Plaintiff U.S. Bank as Trustee for GSAA Home Equity Trust 2006-9, Asset-Backed Certificates, Series 2006-9 ("U.S. Bank") filed a Response, (ECF No. 132), and NV Eagles filed a Reply, (ECF No. 136).

Also pending before the Court is the Renewed Motion for Summary Judgment, (ECF No. 124), filed by Plaintiff U.S. Bank.  Defendant Diamond Creek Community Association ("HOA") and Defendant NV Eagles filed Responses, (ECF Nos. 131, 133).  Plaintiff filed Replies, (ECF Nos. 134, 137).

Also pending before the Court is the Motion to Dismiss or for Summary Judgment, filed by Defendant HOA, (ECF Nos. 125–126).[1]  Plaintiff filed Responses, (ECF Nos. 129–130) and Defendant HOA filed a Reply to the Motion for Summary Judgment, (ECF No. 135).[2]

For the reasons discussed below, the Court **GRANTS** Plaintiff U.S. Bank's Motion for Summary Judgment, **DENIES** Defendant NV Eagles' Motion for Summary Judgment, and **DENIES** Defendant HOA's Motion to Dismiss or for Summary Judgment.

## I.      BACKGROUND

This case arises from the non-judicial foreclosure sale of the real property located at 9426 Cormorant Lake Way, Las Vegas, Nevada 89178-8231 (the "Property"). (Deed of Trust ("DOT"), Ex. A to Pl.'s Mot. Summ. J., ECF No. 124-1).[3]  On February 21, 2006, Garrett C.

---

[1] While Defendant HOA filed one Motion, the Motion was docketed as two separate motions on the Docket.  The Motion to Dismiss is docketed as ECF No. 125, and Motion for Summary Judgment is docketed as ECF No. 126. (*See* Renewed Motion to Dismiss or for Summary Judgment of Second Amended Complaint, ECF Nos. 125–126).

[2] Like HOA's Motions, the docket lists Plaintiff's Responses separately. (*See* ECF Nos. 129–130).  The Motions, however, are identical.  Defendant HOA, however, only filed a Reply to Plaintiff's Response to Defendant HOA's Motion for Summary Judgment. (*See* ECF No. 135).

[3] Plaintiff requests the Court take judicial notice of Exhibits A–K. (Mot. Summ. J. 5:3–8).  The Court takes judicial notice of only Exhibits A–I and K.  Exhibits A–I and K involve matters of public record recorded in the Clark County Recorder's Office and are appropriate for judicial notice under Federal Rules of Evidence 201(b)(2). *See Harlow v. MTC Fin. Inc.*, 865 F. Supp. 2d 1095, 1098 (D. Nev. 2012) ("When ruling on a motion

Pattiani ("Pattiani") financed his purchase of the Property by way of a $284,360.00 loan secured by a DOT identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.* at 2).  The DOT was recorded on February 27, 2006. (*Id.*).  MERS then assigned its interest to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BANA"). (Assignment of DOT, Ex. B to Pl.'s Mot. Summ. J., ECF No. 124-2).  BANA then assigned its interest to Nationstar Mortgage, LLC ("Nationstar") via a corporate assignment of DOT. (Corporate Assignment of DOT Recorded May 5, 2014, Ex. C to Pl.'s Mot. Summ. J., ECF No. 124-3).  Nationstar then assigned its interest to Plaintiff U.S. Bank via corporate assignment of DOT. (Corporate Assignment of DOT Recorded December 1, 2014, Ex. D to Pl.'s Mot. Summ. J., ECF No. 124-4).

On July 26, 2010, upon Pattiani's failure to stay current on his loan obligations, HOA initiated foreclosure proceedings on the Property through its agent, Alessi & Koenig, LLC ("Alessi & Koenig"). (Notice of Delinquent Assessment Lien, Ex. E to Pl.'s Mot. Summ. J., ECF No. 124-5)  In November 2010, HOA via Alessi & Koenig recorded a Notice of Default and Election to Sell. (Notice of Default and Election to Sell, Ex. F to Pl.'s Mot. Summ. J., ECF

---

for summary judgment, the Court may take judicial notice of matters of public record, including public documents.").

Exhibit J, Douglas Miles' Declaration, however, does not appear to be a matter of public record.  Nevertheless, the Court finds that Exhibit J is admissible for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773–74 (9th Cir. 2002) ("In a summary judgment motion, documents authenticated through personal knowledge must be 'attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'") (citing *Canada v. Blain's Helicopters, Inc*., 831 F.2d 920, 925 (9th Cir. 1987)).  Here, Douglas Miles, managing partner at Miles Bauer, attests to having "personal knowledge of Miles Bauer's procedures for creating" the corresponding exhibits to his declaration. (Miles, Bauer, Bergstrom, and Winters Affidavit ("Miles Bauer Affidavit") ¶ 3, Ex. J to Pl.'s Mot. Summ. J., ECF No. 124-10).  Accordingly, it is proper for the Court to consider Exhibits A–K when reviewing the pending Motions for Summary Judgment.

No. 124-6).   HOA recorded a Notice of Sale on March 25, 2013. (Notice of Trustee's Sale, Ex. G to Pl.'s Mot. Summ. J., ECF No. 124-7).

On March 20, 2012, BANA, as the servicer of the DOT, through its counsel, Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer"), sent a letter to HOA offering to pay the superpriority amount owed on HOA's lien. (Miles Bauer Letter, Ex. 1 to Miles Bauer Affidavit, ECF No. 124-10).  In response, HOA via Alessi & Koenig faxed a ledger, breaking down the fees, interests, and costs owing under the DOT. (Accounting Ledger, Ex. 2 to Miles Bauer Affidavit, ECF No. 124-10).  In the ledger, Alessi & Koenig listed $4,230.00 as the full payoff amount. (*Id*. at 1).  BANA, on May 10, 2012, then sent a check for $360.00, representing the maximum nine months of delinquent assessments owed under the superpriority lien pursuant to NRS 116.3116. (*See* Tender Letter, Ex. 3 to Miles Bauer Affidavit, ECF No. 124-10).

On April 24, 2013, HOA, through Alessi & Koenig, proceeded with the foreclosure sale, selling the Property at an auction to Defendant Underwood Partners, LLC ("Underwood") for $11,000.00. (Trustee's Deed Upon Sale, Ex. H. to Pl.'s Mot. Summ. J., ECF No. 124-8).  Title was subsequently transferred to Defendant NV Eagles via a Grant, Bargain, and Sale Deed. (Grant, Bargain, Sale Deed, Ex. I to Pl.'s Mot. Summ. J., ECF No. 124-9).

Plaintiff U.S. Bank filed its Complaint on June 22, 2015, asserting the following causes of action arising from the foreclosure and sale of the Property: (1) quiet title/declaratory relief; (2) breach of NRS 116.1113 against Defendant HOA; (3) injunctive relief against Defendant Underwood and Defendant NV Eagles; and (4) violation of procedural due process. (U.S. Bank's Compl., ECF No. 1).  Plaintiff, on June 29, 2015, filed an Amended Complaint. (Am. Compl., ECF No. 12).  Defendant NV Eagles filed an Answer, a Third-Party Complaint against Pattiani, and a Counterclaim against Plaintiff. (Answer to Am. Compl., ECF No. 18).  On May 22, 2018, the Court granted U.S. Bank's Motion for Summary Judgment. (Order Granting Summ. J., ECF No. 110)  Following Defendant NV Eagles' Notice of Appeal, the Court

vacated its previous order for having relied on *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, which had been repudiated by the Nevada Supreme Court in the interim. (Order Vacating Prior Order, ECF No. 117).  Defendant NV Eagles filed a Notice of Appeal and the Ninth Circuit reversed the Court's judgment, finding that Nevada's HOA foreclosure scheme is not facially unconstitutional because the court's decision in *Bourne Valley* no longer controls in light of *SFR Investments Pool 1, LLC v. Bank of New York Mellon*. (Order of USCA, Ninth Circuit, ECF No. 119).  Following the Ninth Circuit's decision to reverse and remand this Court's prior judgment, the parties filed the instant Motions for Summary Judgment and Motion to Dismiss. (NV Eagles' Mot. Summ. J., ECF No. 123); (Pl.'s Mot. Summ. J., ECF No. 124); (HOA's Mot. Dismiss or Mot. Summ. J., ECF Nos. 125–126).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary

judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404,

1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.    DISCUSSION

In its Motion, U.S. Bank seeks summary judgment on four grounds.  First, U.S. Bank argues that BANA's tender of the superpriority portion of HOA's lien prior to foreclosure preserved its DOT on the Property. (*See* Pl.'s Mot. Summ. J. 5:20–7:22, ECF No. 124).  Second, U.S. Bank claims that, in the alternative, its DOT was nevertheless preserved on the Property because U.S. Bank's obligation to tender the superpriority lien amount was excused due to futility. (*Id*. 7:23–8:8).  Even if U.S. Bank's lien was extinguished, U.S. Bank asserts that HOA and Alessi & Koenig's rejection of tender otherwise violated procedural due process as applied. (*Id*. 8:9–28).  Lastly, U.S. Bank argues that, alternatively, the HOA sale was void. (*Id*. 9:2–11:3).

NV Eagles makes three arguments in support of its claim that NV Eagles took title to the property free and clear of the DOT.  First, the HOA foreclosure sale was commercially reasonable. (NV Eagles' Mot. Summ. J. 4:12–18, ECF No. 123).  Second, that BANA's tender of the nine months of assessments was less than the superpriority portion of the HOA lien and therefore, U.S. Bank's interest was not preserved on the Property prior to the foreclosure sale. (*Id*. 4:20–23).  Lastly, that HOA foreclosed on its superpriority lien pursuant to NRS Chapter 116. (*Id*. 4:26–6:5).

HOA argues that the foreclosure extinguished U.S. Bank's interest in the Property and therefore, U.S. Bank's claim for declaratory relief fails as a matter of law. (HOA's Mot. Dismiss or Mot. Summ. J. 7:21–10:21, ECF No. 125).  In support of this claim, HOA asserts that: (1) all notices were proper under the law; (2) commercial reasonableness is irrelevant to foreclosure sales under NRS Chapter 116; and (3) BANA's partial tender was ineffective because it was not for the full superpriority amount. (*Id*.)  The Court first addresses whether U.S. Bank's DOT remains on the Property.

**A. Tender**

U.S. Bank first argues that the tender of nine months of assessments by BANA, U.S. Bank's predecessor-in-interest, preserved the DOT on the Property, even though HOA via Alessi & Koenig rejected BANA's tender. (Pl.'s Mot. Summ. J. 5:20– 7:19).  Specifically, U.S. Bank asserts that the tender of nine-months' worth of common assessments accounted for the full amount owed under the superpriority portion of HOA's lien. (*Id*. 7:15–19).  U.S. Bank thus claims that BANA's check for $360.00—BANA's calculation of the nine months of assessments pursuant to NRS 116.3116—preserved BANA's interest and thereby, U.S. Bank's interest on the Property. (*Id*. 7:13–18).

In its Response, NV Eagles contends that U.S. Bank failed to provide evidence showing that the check was actually delivered to HOA. (NV Eagles' Resp. to Pl.'s Mot. Summ. J. 3:5–

16, ECF No. 133).  NV Eagles additionally argues that because Plaintiff's tender did not include the other fees and assessments, the amount tendered was insufficient to discharge the superpriority lien. (*Id.* 3:17–23).  Similarly, HOA, in its Response, argues that BANA only offered 10.5% of the lien amount and as such, BANA's partial tender could not preserve its DOT. (HOA's Resp. to Pl.'s Mot. Summ. J. 2:18–20, ECF No. 131); (HOA's Mot. Dismiss or Mot. Summ. J. 10:5–21, ECF Nos. 125–126).  HOA further asserts that, even if BANA's partial tender was sufficient, BANA had a duty to prevent the sale, file lis pendens, or send follow-up letters. (HOA's Mot. Dismiss or Mot. Summ. J. 10:12–21).  The Court first addresses delivery of the check.

### i. Delivery of the Check

NV Eagles argues that U.S. Bank failed to provide adequate evidence to prove that the Alessi & Koenig actually received the check that U.S. Bank claims satisfied the superpriority portion of HOA's lien. (NV Eagles' Resp. to Pl.'s Mot. Summ. J. 3:6–16).  Here, the evidence indicates that on May 10, 2012, BANA via its agent Miles, Bauer, Bergstrom, and Winters LLP ("Miles Bauer") sent Alessi & Koenig a tender letter containing a check for $360.00. (*See* Tender Letter, Ex. 3 to Miles Bauer Affidavit, ECF No. 124-10).  The figure represents nine months of unpaid assessments, at a rate of $40.00 per month, as stated in the accounting ledger Alessi & Koenig mailed to BANA. (*See* Accounting Ledger, Ex. 2 to Miles Bauer Affidavit, ECF No. 124-10).  In his declaration, Mr. Douglas Miles, managing partner at the law firm of Miles Bauer, attached a screenshot of Miles Bauer's case management note confirming that Alessi & Koenig returned the $360.00 check to Miles Bauer. (*See* Screenshot of Case Management Note, Ex. 4 to Miles Bauer Affidavit, ECF No. 124-10).  NV Eagles, in turn, fails to provide competing evidence showing that Plaintiff never delivered the check. *See Lucas v. Beel*, 773 F. Supp. 2d 930, 934 (D. Nev. 2011) (if the moving party satisfies its burden, the burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine

factual issue for trial); *see, e.g.*, *Bank of Am., N.A. v. Boulder Creek Homeowners Ass'n*, No. 216CV00572GMNPAL, 2019 WL 1441603, at *5 (D. Nev. Mar. 30, 2019) (finding that Plaintiff delivered the check given that Plaintiff produced the Tender Letter, the agent's rejection, and a screenshot of the Case Management Note to demonstrate delivery of the check and that Defendant failed to produce evidence showing that Plaintiff never delivered the accompanying check); *Bank of Am., N.A. v. Berberich*, No. 216CV00279GMNCWH, 2019 WL 1442168, at *4 (D. Nev. Mar. 29, 2019), aff'd sub nom. *Bank of Am., NA v. Berberich*, 831 F. App'x 362 (9th Cir. 2020) (holding that Plaintiff tendered a check in the amount of the superpriority lien based on Plaintiff's Tender Letter, a screenshot of the Case Management Note, and the Voided Check). Because NV Eagles fails to provide evidence refuting Plaintiff's evidence, the Court thus finds that the record sufficiently indicates that Alessi & Koenig received the check. The Court now turns to whether BANA's $360.00 check was sufficient to preserve BANA's DOT on the Property.

        ii.   <u>Tender Amount</u>

        HOA and NV Eagles do not dispute that the tender amount constituted nine months of delinquent assessments. Defendants, however, argue that BANA failed to pay other fines noted on the Accounting Ledger that also fall under the superpriority portion of HOA's lien. (HOA's Mot. Dismiss or Mot. Summ. J. 10:5–8); (NV Eagles' Resp. to Pl.'s Mot. Summ. J. 4:1–5:1). Specifically, NV Eagles claims that Plaintiff failed to include maintenance and nuisance abatement charges in its check to Alessi and Koenig. (NV Eagles' Resp. to Pl.'s Mot. Summ. J. 4:1–2). The Court concludes that there is no genuine issue of material fact as to whether the fines were encompassed within the HOA's superpriority lien.

        Under Nevada law, a DOT holder generally must tender the amount of a superpriority lien for the DOT holder to preserve its interest in the property prior to a superpriority foreclosure sale. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 134 Nev. 604, 605,

427 P.3d 113, 116 (Nev. 2018) (holding that "a first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust.").  "[T]he superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id*. at 117.

As discussed above, U.S. Bank's evidence demonstrates that BANA via its agent, Miles Bauer, tendered a check of $360.00—BANA's calculated nine months of assessments according to the Accounting Ledger—to Alessi & Koenig. (*See* Tender Letter, Ex. 3 to Miles Bauer Affidavit).  The accounting ledger confirms Plaintiff's calculation of assessments. (*See* Accounting Ledger, Ex. 2 to Miles Bauer Affidavit).  U.S. Bank thus satisfies its initial burden to provide evidence in support that it tendered the accurate tender amount.

Defendants, by contrast, fail to create a genuine issue of material fact concerning the tender amount.  HOA simply claims that BANA's partial tender—specifically, 10.5% of the lien amount—was less than what was due and therefore, did not immediately satisfy BANA's obligation. (HOA's Mot. Dismiss or Mot. Summ. J. 10:5–8).  However, as illustrated above, BANA was only required to tender nine months of assessments, fines, and nuisance abatement charges to preserve its interest under the superpriority lien. *See SFR Investments Pool 1, LLC*, 427 P.3d 113, 117 ("the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments").

Referring to the entry titled, "Fines Through April 25, 2012" on the Accounting Ledger, NV Eagles specifically asserts that Accounting Ledger included fines for maintenance and nuisance abatement charges. (NV Eagles' Resp. to Pl.'s Mot. Summ. J. 4:1–5:1).  Because the CC&R confirms that a "fine" is for the enforcement/abatement of a nuisance, NV Eagles argues that BANA should have known and therefore included the $300.00 listed as "Fines Through April 25, 2012" on the Accounting Ledger.

NV Eagles' argument fails for two reasons.  First, NV Eagles does not demonstrate that the "Fines Through August 25, 2012" reflected maintenance or nuisance-abatement costs pursuant to NRS 116.310312 as opposed to mere fines for violations.  Interpreting NRS 116.3116, the Nevada Supreme Court in *SFR Investments Pool 1, LLC* broadly read the phrase, "charges incurred by the association on a unit pursuant to NRS 116.310312" as "charges for maintenance and nuisance abatement." *SFR Investments Pool 1, LLC*, 427 P.3d 113, 117. However, under a close reading of NRS 116.3116, only maintenance and nuisance abatement charges incurred by the HOA pursuant to NRS 116.31031(2) are included in the superpriority portion of the lien. *See* NRS 113.3116(3)(a) ("A lien under this section is prior to all security interests . . . to the extent of any charges incurred by the association on a unit *pursuant to NRS 116.310312*") (emphasis added).  An HOA's CC&R cannot create a provision that violates or supersedes the plain language of NRS 116.3116(2). *See Horizons at Seven Hills v. Ikon Holdings*, 132 Nev. 362, 373, 373 P.3d 66, 73 (2016) (finding that that NRS 116.1206(1) negates the effect of the HOA's CC&R because the provisions under the CC&R violate NRS 116.3116(2)'s plain language).

Here, NV Eagles provides no evidence that HOA recorded or instituted an action against Pattiani, the Property's owner, for violating the CC&R. *See* NRS 116.31012(2) (stating that a maintenance or nuisance abatement may result in an HOA lien on the property after "an action or notice . . . has been filed or recorded regarding a unit and the association has provided the unit's owner with notice and an opportunity for a hearing in the manner provided in NRS 116.31031").  Instead, NV Eagles solely points to the existence of the fines and the definitions under the CC&R to demonstrate that the fines constitute nuisance abatement charges under NRS 116.31031(2).  Because NRS 116.3116(2) states that nuisance abatement charges must be made pursuant to NRS 116.3116(2)(a)(b) to constitute a "nuisance abatement charge" under the superpriority lien and NV Eagles fails to provide evidence showing record or notice of a CC&R

violation, NV Eagles fails to demonstrate that the fine constituted a nuisance abatement charge pursuant to NRS 116.31031(2).

In addition, NV Eagles fails to provide evidence that HOA imposed the fine to enforce a violation of the CC&R.  The CC&R states that "every act or omission [that violates any provision of the CC&R] is declared to be a nuisance and may be enjoined or abated by any Owner." (CC&R at 30, Ex. K to Pl.'s Mot. Summ. J., ECF No. 124-11).  The CC&R, however, further states that the Rules and Regulations *may* be enforced by an assessment of a fine. (*Id.*).  Given that U.S. Bank established its burden in demonstrating that tender was sufficient with the nine months' assessment, the burden now shifts to NV Eagles to set forth specific facts demonstrating a genuine factual issue for trial. *See Lucas*, 773 F. Supp. 2d at 934 (if the moving party satisfies its burden, the burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial); *see also Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 135 Nev. 48, 48, 437 P.3d 154, 156 (2019) (holding that each party in a quiet title action has the burden of demonstrating superior title in himself or herself).  Without further evidence demonstrating that Pattiani violated the CC&R and that HOA consequently enforced such violation by imposing fines, NV Eagles fails to meet its burden to demonstrate a genuine issue of material fact.

Because U.S. Bank demonstrated that BANA paid the nine months of assessments and NV Eagles fails to assert specific facts showing that "Fines Through August 25, 2012" constitute "maintenance and nuisance charges" pursuant to NRS 116.3116(2), the Court finds that BANA tendered the sufficient amount required under NRS 116.3116.  Accordingly, the Court holds that BANA fully paid the superpriority amount and thereby, preserved the DOT on the Property prior to the foreclosure sale.[4]

---

[4] HOA argues that even if tender was sufficient, BANA was required to take further action once the tender was rejected. (HOA's Mot. Dismiss or Mot. Summ. J. 10:12–21).  HOA is mistaken.  There is no requirement to preserve a DOT from extinguishment in an HOA foreclosure sale beyond adequate tender. *See SFR Investments*

**B.  Remaining Claims**

In its prayer for relief, U.S. Bank requests an order declaring: "Underwood and NV Eagles purchased the [Property] subject to U.S. Bank's senior deed of trust." (Am. Compl. 13:10–11, ECF No. 12).  U.S. Bank's other requested forms of relief are phrased in the alternative. (*See id.* 13:12–23).  Because the Court finds that BANA tendered the appropriate amount to Alessi & Koenig to preserve its DOT, U.S. Bank receives the relief it requested.  As to U.S. Bank's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for U.S. Bank moots this claim, and it is therefore dismissed.

Accordingly, because the Court finds that U.S. Bank preserved its DOT prior to the foreclosure sale, the Court hereby denies Defendant NV Eagles' Motion for Summary Judgment, (ECF No. 123) and Defendant HOA's Motion to Dismiss or Motion for Summary Judgment, (ECF Nos. 125–126).  Furthermore, because U.S. Bank's remaining claims are raised in the alternative and summary judgment in favor of U.S. Bank forecloses Defendants' ability to seek relief on its counterclaims, this Order closes the case.

//

//

//

//

//

//

//

//

---

*Pool 1, LLC*, 427 P.3d at 121 ("After tendering the superpriority portion of an HOA lien to preserve its interest as first deed of trust holder, a party is not required to pay the amount into court, and need only be ready and willing to pay to keep the tender good.").

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary, (ECF No. 124), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant NV Eagles' Motion for Summary Judgment, (ECF No. 123) and Defendant HOA's Motion to Dismiss or for Summary Judgment, (ECF Nos. 125–126) are **DENIED**.

The Clerk of Court is hereby instructed to close the case.

**DATED** this __31__ day of January, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court